IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| COREY JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:23cv445 |
| CRAIG BASS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Corey Johnson filed this lawsuit complaining of alleged deprivations of his constitutional rights. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Longview attorney Craig Bass and United States Attorney Nathaniel Kummerfeld.

**I. The Plaintiff's Complaint**

Plaintiff is currently a defendant in *United States v. Johnson*, no. 6:20cr77-1, which is pending before this Court. In the present lawsuit, he complains that his former defense attorney, Craig Bass, was talking to the prosecutor and the law enforcement agent, Joshua Roughbach, without his consent. He says that they were conspiring to "not give me a fair chance with my case." Plaintiff states that they want him to "pay big time for a small role that I played in a conspiracy," and that Bass would not let him sign the first plea agreement, but "withheld it from me while sharing classified [sic] information with the Government." He says that he should be facing a sentence of 15 to 55 months but "they are trying to give me 250 months."

According to Plaintiff, Kummerfeld told Bass not to represent Plaintiff properly, to avoid him, and not to let him sign the first plea offer. He says that Bass is working with the Government to charge him with an offense level twice as high as it should be, contending that this level should

be 14 but has been set at 34. He asks for $35,000.00 in attorney fees, $50,000.00 for pain and suffering, and that the court should give him the correct offense level or allow him to take the first plea deal, which Plaintiff claims was "twice as low as the second one that they came with later that was fabricated."

Court records show that Plaintiff's criminal case is still in progress. On February 3, 2023, Gerald Smith was substituted as counsel of record for Plaintiff in place of Craig Bass. On August 23, 2023, Plaintiff rendered a guilty plea before the United States Magistrate Judge, and this plea was accepted by the United States District Judge on August 25, 2023. Sentence has not yet been imposed, and the docket does not reflect that a pre-sentence investigation report has been filed.

## II. Discussion

### A. General Screening Standards

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Such screening is appropriately done even where the prisoner is not proceeding *in forma pauperis*. *Santelises v. Governor of State of Texas*, slip op. no. 23-40113, 2023 U.S. App. LEXIS 26972, 2023 WL 6618237 (5th Cir., October 11, 2023), *citing Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

B. The Plaintiff's Claims

Plaintiff is suing a federal prosecutor and the attorney who represented him in a federal criminal case, so his lawsuit is necessarily proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens*

action provides a remedy for victims of alleged constitutional violations by federal government officials in their individual capacities. *See Cronn v. Buffington*, 150 F.3d 538, 540 (5th Cir. 1998); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Where a civil rights lawsuit names federal actors as defendants, it is properly construed as a *Bivens* action. *See Campbell v. Booth*, civil action no. 2:22cv00052, 2022 WL 2133885 (S.D.Tex., April 15, 2022), *Report adopted at* 2022 WL 1555790 (S.D.Tex., May 17, 2022), *appeal dismissed* 2022 WL 421009 (5th Cir., January 26, 2023) (construing civil rights claims against federal judges and prosecutor as arising under *Bivens*).

To the extent Plaintiff seeks damages against Assistant U.S. Attorney Nathaniel Kummerfeld, such a claim is barred by the doctrine of prosecutorial immunity. This doctrine provides that prosecutors are immune from claims for damages based upon their actions in initiating, investigating, or pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980).

While prosecutorial immunity does not shield Kummerfeld from claims for injunctive relief, these claims must fail because Plaintiff's requests for injunctive relief concern an ongoing federal criminal case. The Southern District of Texas has explained that "based on the same logic set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances, federal courts have refused to intervene or interfere with pending federal criminal proceedings." *Laster v. Boyle*, civil action no. 3:21cv2525, 2022 U.S. Dist. LEXIS 160146, 2022 WL 4086782 (N.D.Tex., August 4, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS 159968, 2022 WL 4084429 (N.D.Tex., September 6, 2022), *citing Ceglia v. Zuckerberg*, 600 F.App'x 34, 2015 U.S. App. LEXIS 6426, 2015 WL 1759544 (2nd Cir., April 20, 2015). *See also McPhee v. United States*, civil action no. 1:21cv8672, 2021 U.S. Dist. LEXIS 208654, 2021 WL 5014815 (S.D.N.Y., October 27, 2021). Plaintiff offers nothing to suggest that he is entitled to injunctive relief or other intervention through a civil lawsuit

concerning his ongoing criminal prosecution. His claims against Kummerfeld lack an arguable basis in law and fail to state a claim upon which relief may be granted.

Plaintiff also sues former defense counsel Craig Bass. As appointed counsel, Bass is not subject to suit under *Bivens* because he is not an official of the federal government. *McLeod v. Knowles*, 189 F.App'x 297, 2006 U.S. App. LEXIS 15562, 2006 WL 1738286 (5th Cir., June 21, 2006); *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Plaintiff seeks to evade this rule by alleging that Bass conspired with federal agents. A private actor may be sued as a government actor if the private actor conspires with a government official. *Phillips v. Cowie*, slip op. no. 22-10767, 2023 U.S. App. LEXIS 6242, 2023 WL 2524457 (5th Cir., March 15, 2023); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). However, bare allegations of a conspiracy are not sufficient. *Small v. Dallas County, Texas*, 170 F.App'x 943, 2006 U.S. App. LEXIS 8776, 2006 WL 925500 (5th Cir., April 10, 2006); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Rather, the plaintiff must plead the operative facts upon which the claim is based. *Gibson v. Veteran's Administration*, 84 F.App'x 363, 2003 U.S. App. LEXIS 24201, 2003 WL 22849810 (5th Cir., December 2, 2003); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Plaintiff's bare allegation that Bass conspired with Kummerfeld and Roughbach are conclusory and not sufficient to render Bass liable as a government actor. His claims against Bass lack an arguable basis in law and fail to state a claim upon which relief may be granted.

Furthermore, while Plaintiff's claims are properly construed under *Bivens*, the Supreme Court has recognized only three circumstances in which *Bivens* claims can arise. In *Bivens*, the Court held that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. In *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the Court recognized a claim for sex discrimination brought by a congressional staff member, and

in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Court recognized a claim of failure to provide medical care to a prisoner in federal custody.

Beyond these circumstances, the Supreme Court has cautioned against extending *Bivens* to new contexts. *Hernandez v. Mesa*, 140 S.Ct. 735, 744, 206 L.Ed.2d 29 (2020); *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1861, 198 L.Ed.2d 290 (2017). The Court explained that extending *Bivens* to new contexts is a "disfavored judicial activity." *Id* at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (physical altercation and arrest of the plaintiff at a Veterans Administration hospital represented a "new context" to which *Bivens* would not be extended). No court has extended *Bivens* to claims raised against prosecutors or defense counsel. *See, e.g.*, *Williams v. United States*, civil action no. DKC-21-537, 2021 U.S. Dist. LEXIS 83306, 2021 WL 1720230 (D.Md., April 30, 2021). Plaintiff's claims fail for this reason as well.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit should have no effect upon Plaintiff's defense in his criminal case, nor upon any challenge he may wish to present to the outcome of this criminal case on direct appeal or through collateral review.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 23rd day of October, 2023.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE